UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANCO STEEL COMPANY, INC., <br>     Plaintiff, <br><br> v. <br><br> INTERMETAL REBAR, LLC and JRC OPCO, LLC, <br>     Defendants. <br>_____ <br><br> JRC OPCO, LLC, improperly named and now known as INTEREBAR FABRICATORS, LLC, <br>     Counter-Plaintiff, <br><br> v. <br><br> ANCO STEEL COMPANY, INC., <br>     Counter-Defendant. <br>_____ <br><br> JRC OPCO, LLC, improperly named and now known as INTEREBAR FABRICATORS, LLC, <br>     Third-Party Plaintiff, <br><br> v. <br><br> LOUIS PAULA, <br>     Third- Party Defendant. | CAUSE NO. 2:21-CV-285-TLS-JEM |

**OPINION AND ORDER**

   This matter is before the Court on Defendant Intermetal Rebar, LLC's Motion to Dismiss Count I of Plaintiff's First Amended Complaint or, in the Alternative for Summary Judgment [ECF No. 6]. For the reasons set forth below and in light of the Plaintiff's agreement, the Court grants the motion to dismiss.

## PROCEDURAL BACKGROUND

Plaintiff ANCO Steel Company, Inc. filed its First Amended Complaint [ECF No. 2] on August 23, 2021, in the Lake County, Indiana, Circuit/Superior Court against Defendants Intermetal Rebar, LLC ("Intermetal") and JRC Opco, LLC, alleging a claim of breach of lease against Intermetal in Count I and, in the alternative, against JRC Opco, LLC in Count II. On September 15, 2021, Defendant JRC Opco, LLC removed the action to this Court. *See* Notice of Removal, ECF No. 1. On September 22, 2021, Intermetal filed the instant Motion to Dismiss or, in the Alternative for Summary Judgment [ECF No. 6], seeking dismissal of Count I. On October 13, 2021, the Plaintiff filed a response brief [ECF No. 19], agreeing to dismissal of Count I.

## DISMISSAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

Defendant Intermetal seeks dismissal from this litigation on the basis that it is not a proper party to the Plaintiff's breach of lease claim. To establish a claim for breach of contract, a plaintiff must prove the existence of a contract, the defendant's breach of the contract, and damages. *Berg v. Berg*, 170 N.E.3d 224, 231 (Ind. 2021) (citation omitted); *see also Brazier v. Maple Lane Apartments I, LLC*, 45 N.E.3d 442, 455 (Ind. Ct. App. 2015) (finding there was no agreement between the parties and, therefore, no contract to breach).

Intermetal argues that the Plaintiff's claim fails on the first element because there was no contract between the Plaintiff and Intermetal. Although the Plaintiff alleges in the First Amended Complaint that Intermetal breached the Sublease, *see* First Am. Compl. ¶ 26, ECF No. 2, the Plaintiff does not allege that Intermetal was a party to the Sublease. Rather, the First Amended Complaint alleges that the Sublease was entered into between the Plaintiff and Metal Partners Rebar, LLC. *See* First Am. Compl. ¶ 10; *see also* First Am. Compl. Ex. B (Sublease), ECF No. 2-2. The Plaintiff further alleges that, with respect to Metal Partners Rebar's bankruptcy, "JRC [Opco, LLC] agreed to assume Metal Partners Rebar's rights and obligations under the Sublease." *Id*. at ¶ 13. And, the amended asset purchase agreement attached by the Plaintiff to the First Amended Complaint indicates that it was JRC Opco, LLC, and not Intermetal, that agreed to assume the Sublease. *See id.* at ¶¶ 13–15; First Am. Compl. Ex. C., ECF No. 2-3. On October 14, 2020, the United States Bankruptcy Court for the District of Nevada entered an order authorizing the sale of the Sublease, and, effective the same date, JRC Opco, LLC was assigned the Sublease and assumed all of Metal Partners Rebar's obligations thereunder. *See* First Am. Compl. ¶¶ 14–15. In its response brief, the Plaintiff agrees that Intermetal was not a

3

party to the sublease and that Count I of the First Amended Complaint should be dismissed. Accordingly, dismissal of Count I for failure to state a claim is proper.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS Defendant Intermetal Rebar, LLC's Motion to Dismiss Count I of Plaintiff's First Amended Complaint or, in the Alternative for Summary Judgment [ECF No. 6], granting the motion to dismiss Count I. The Court ORDERS that Count I against Defendant Intermetal Rebar, LLC is DISMISSED. The case remains pending against Defendant JRC Opco, LLC.

SO ORDERED on October 28, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT