UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANCO STEEL COMPANY, INC. )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>INTERMETAL REBAR, LLC )<br>and JRC OPCO, LLC, )<br>    Defendants, )<br>_____)<br>)<br>JRC OPCO, LLC, n/k/a INTEREBAR )<br>FABRICATORS, LLC, )<br>    Counterclaim Plaintiff, )<br>)<br>    v. )<br>)<br>ANCO STEEL COMPANY, INC., )<br>    Counterclaim Defendant, )<br>_____)<br>)<br>JRC OPCO, LLC, n/k/a INTEREBAR )<br>FABRICATORS, LLC, )<br>    Third Party Plaintiff, )<br>)<br>    v. )<br>)<br>LOUIS PAULA, )<br>    Third Party Defendant. ) | CAUSE NO.: 2:21-CV-285-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel [DE 45], filed by Defendant/Counter/Third Party Plaintiff JRC OPCO, LLC, n/k/a InteRebar Fabricators, LLC on July 27, 2022. Plaintiff/CounterDefendant ANCO Steel Company, Inc. filed its response on August 9, 2022, and InteRebar filed its reply on August 17, 2022.

1

**I.      Background**

ANCO filed a Complaint against InteRebar in state court alleging a breach of lease that was removed to this court on September 15, 2021. InteRebar answered and filed affirmative defenses. InteRebar claims, in its amended counterclaim, a breach of the lease by ANCO, conversion by ANCO, tortious interference with Louis Paula's employment contract by ANCO, tortious interference with business relationships by ANCO and Paula, breach of Paula's employment contract, breach of fiduciary duty by Paula, and civil conspiracy by ANCO and Paula, and breach of contract by Douglas Anderson, an officer and shareholder of ANCO.

**II.     Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

**III.    Analysis**

InteRebar requests that the Court require 1) production of certain personnel files; 2) amendment of interrogatory answers 14 and 15; and 3) production of documents responsive to requests 23 and 26-30. ANCO argues that the personnel records have been produced, the interrogatories are irrelevant, and the requests for production are irrelevant and overbroad.

A.  <u>Personnel Record Production</u>

InteRebar's first request is that this Court enter an order "documenting ANCO's agreement to produce the recruitment/personnel files of…" certain identified employees. ANCO's Response indicated that those files were tendered on August 1, 2022, and InteRebar does not dispute that.

Federal Rule of Civil Procedure 37 governs motions to compel and provides that

> if the disclosure or requested discovery is provided after the motion was filed[,] the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order the payment of fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

In this case, the instant motion was filed the day after the parties agreed that ANCO would produce the relevant personnel files, and ANCO did produce those files within five days of agreeing to do so. It would be unjust to award attorneys' fees to InteRebar for this portion of the motion to compel, as ANCO did what it said it would do, and no motion or court intervention was needed.

3

B. <u>Interrogatories 14 and 15</u>

InteRebar's second request is that ANCO be required to supplement its answers to interrogatories 14 and 15 to include the knowledge of two identified ANCO employees as to which customers of ANCO are also former customers of a non-party Metal Partners ReBar, LLC. InteRebar argues that the knowledge of those two ANCO employees should be disclosed by ANCO in response to interrogatories about whether ANCO has sold rebar or supplied other materials or services to former customers of Metal Partners. ANCO's interrogatory response is that it would need a list of Metal Partners' customers to provide more information. In a deposition taken in this case, ANCO management employees testified that they had not discussed with the identified employees whether any of the customers those employees brought to ANCO were former Metal Partners' customers.

InteRebar argues that ANCO is responsible for the employees' knowledge about Metal Partners' customers. "Corporations do not have brains, but they do have employees. One fundamental rule of agency law is that corporations 'know' what their employees know—at least what employees know about subjects that are within the scope of their duties." *Prime Eagle Group, Ltd. v. Steel Dynamics, Inc.*, 614 F.3d 375, 378 (7th Cir. 2010). ANCO argues that neither of the identified employees works or sells in the disputed market. It also argues that the interrogatory is not relevant to InteRebar's claims because InteRebar does not allege that ANCO interfered with Metal Partners' customers and because InteRebar did not purchase Metal Partners' customers from Metal Partners.

As the Seventh Circuit Court of Appeals held in *Prime Eagle*, a corporation is deemed to know what its employees know on the subjects within the employees' scope of duties. *Id*.

4

Therefore, the knowledge of the two identified employees, which is within the scope of their duties to ANCO, is deemed to be the knowledge of ANCO. To the extent that either of the two named employees have personal knowledge of which Metal Partners' customers ANCO has made sales to since those employees joined ANCO, the answers to interrogatories 14 and 15 shall be supplemented with that knowledge. This does not mean that ANCO is obligated to show those employees a list of Metal Partners' customers or ANCO's customers in order to have them pair those up, but that if they have any personal knowledge of ANCO customers since they joined ANCO who were formerly Metal Partners' customers, that knowledge belongs to ANCO, and must be disclosed by ANCO.

    C.  <u>Requests to Produce 23, and 26-30</u>

InteRebar's Request to Produce 23 seeks documents relative to agreements requiring ANCO to fabricate and/or provide rebar to any customer from August 1, 2021, through the present. Requests to Produce 26 and 27 seek documents reflecting ANCO's annual rebar sales. Request to Produce 28 seeks all financial documents showing revenue and profits from ANCO's sale of rebar. Requests to Produce 29 and 30 seek a listing of ANCO's customers from the time ANCO was formed to present. ANCO objects that these requests are overbroad and irrelevant, as the markets of ANCO and InteRebar are different, and overbroad, predating the time the alleged conduct arose and extending beyond the customer base allegedly interfered with. During the parties' conversations about discovery compliance, ANCO requested that InteRebar limit its requests; however, InteRebar did not do so. ANCO asserts that the only time it sold competing product to a customer of InteRebar was to ANCO's landlord and occurred because of that relationship. Although discovery is intended to be broad, there are limits to what is discoverable, and discovery

5

must be both relevant and proportionate. Fed. R. Civ. P 26(b)(1). In this case, ANCO's objections to Requests to Produce 23 and 26 through 30 are well-taken in that the requests seek significantly more information than appears relevant to the issues at hand. This Court will not order the production of this sweeping range of documents and financial information.

### IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES as moot in part** the Motion to Compel [DE 45] and **DENIES in part and GRANTS in part** the Motion to Compel [DE 45]. The Court **ORDERS** ANCO to supplement its Answers to Interrogatories 14 and 15 in accordance with this Order by **September 26, 2022**.

Although attorney's fees may be awarded when a motion to compel is granted in part, the Court finds that in this case the "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B) and (C).

SO ORDERED this 1st day of September, 2022.

        s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record