UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANCO STEEL COMPANY, INC., <br>             Plaintiff, <br> <br> v. <br> <br> JRC OPCO, LLC n/k/a INTEREBAR FABRICATORS, LLC, <br>             Defendant. <br>———————————————————— <br> JRC OPCO, LLC n/k/a INTEREBAR FABRICATORS, LLC, <br>             Counter-Plaintiff, <br> <br> v. <br> <br> ANCO STEEL COMPANY, INC., <br>             Counter-Defendant. <br>———————————————————— <br> JRC OPCO, LLC n/k/a INTEREBAR FABRICATORS, LLC, <br>             Third-Party Plaintiff, <br> <br> v. <br> <br> LOUIS PAULA, <br>             Third-Party Defendant. | CAUSE NO.: 2:21-CV-285-TLS |

**OPINION AND ORDER**

Plaintiff ANCO Steel Company, Inc. (ANCO Steel) leased a warehouse in Hammond, Indiana, for a five-year term under a Master Lease that included an option to extend for a second five-year term. ANCO Steel subleased part of the warehouse known as the South Crane Bay to Defendant JRC OpCo, LLC n/k/a InteRebar Fabricators, LLC (InteRebar) for an initial, concurrent five-year term. Six months prior to the expiration of the five-year term, ANCO Steel informed InteRebar that ANCO Steel would be taking over the South Crane Bay at the end of the

Sublease term. ANCO Steel then exercised its option to extend the Master Lease for a second five-year term. In this litigation, ANCO Steel is suing InteRebar for breach of contract for the failure to pay rent and for property damage under the Sublease. InteRebar filed counterclaims, including for breach of contract based on ANCO Steel failing to allow InteRebar to extend the Sublease for a second term.

This matter is before the Court on ANCO Steel Company, Inc.'s Motion for Leave to File an Amended Answer with Affirmative Defenses to InteRebar Fabricators, LLC's Amended Counterclaim and Third-Party Complaint [ECF No. 111], filed on April 8, 2024. For the reasons set forth below, the Court denies the motion.

## PROCEDURAL BACKGROUND

On September 22, 2021, InteRebar filed a Counterclaim and Third-Party Complaint [ECF No. 5], bringing five counterclaims against ANCO Steel and three third-party claims against Louis Paula. Count I is a breach of contract claim, alleging that ANCO Steel breached the Sublease by refusing to extend the Sublease for a second five-year period. Count II alleges a conversion claim against ANCO Steel. Count III is a claim for tortious interference with contract against ANCO Steel related to Paula's employment agreement with InteRebar. Count IV for tortious interference with business relationships and Count V for civil conspiracy are brought against ANCO Steel and Paula. Counts VI and VII are against Paula only.

On October 13, 2021, ANCO Steel filed its Answer to the Counterclaim and Third-Party Complaint [ECF No. 17], which did not assert any affirmative defenses.

On December 2, 2021, the Court entered a Rule 16(b) scheduling order, setting a deadline of January 31, 2022, for ANCO Steel to seek leave to amend the pleadings. ECF Nos. 25, 26. No motion for leave to amend was filed by the deadline.

On May 3, 2022, InteRebar filed an Amended Counterclaim and Third-Party Complaint [ECF No. 34], solely to bring a new third-party claim against Douglas R. Anderson. The counterclaims against ANCO Steel were not amended. ANCO Steel did not file an Answer to the Amended Counterclaim.

On December 4, 2022, the parties filed motions for summary judgment, ECF Nos. 57, 61, 65, 69, and on September 29, 2023, the Court issued an Opinion and Order granting in part and denying in part the motions, ECF No. 96. Relevant here, the Court granted summary judgment in favor of ANCO Steel on Count I of the Amended Counterclaim for breach of contract. *Id.*

This matter is set for trial for August 12, 2024. ECF No. 99.

ANCO Steel filed the instant motion to amend answer on April 8, 2024. ECF No. 111. ANCO Steel's proposed "First Amended Answer to Counterclaim and Third-Party Complaint" [ECF No. 111-1] reflects the counterclaims that remain following the Court's summary judgment ruling. For example, the proposed amended answer does not answer Count I of the Amended Counterclaim for breach of contract because the Court granted summary judgment in favor of ANCO Steel on the claim. *See* ECF No. 111-1, p. 9. For the first time, the proposed amended answer alleges the affirmative defenses of waiver and estoppel. *Id.* pp. 11–13. The motion to amend is fully briefed and ripe for ruling.

## ANALYSIS

In the instant motion, ANCO Steel seeks leave of Court to file an amended answer to the Amended Counterclaim to assert the affirmative defenses of estoppel and waiver to the breach of contract claim in Count I. InteRebar opposes the motion as untimely, futile, and prejudicial.

Under Federal Rule of Civil Procedure 8(c), a defendant must include affirmative defenses like waiver and estoppel in its answer. *See Williams v. Lampe*, 399 F.3d 867, 870–71 (7th Cir. 2005); *see* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively

3

state any avoidance or affirmative defense, including . . . . estoppel [and] . . . waiver."). "However, the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially." *Id*. at 871 (citing Fed. R. Civ. P. 15(a); *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 392–93 (7th Cir. 2000)). Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts should "allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"But under Rule 16, which governs scheduling orders and includes a deadline for filing amended pleadings, a 'schedule may be modified only for good cause and with the judge's consent.'" *Adebiyi v. S. Suburban Coll.*, 98 F.4th 886, 895 (7th Cir. 2024) (quoting *Cage v. Harper*, 42 F.4th 734, 743 (7th Cir. 2022) (quoting Fed. R. Civ. P. 16(b)(4)). "Given this tension . . . a district court may apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Id.* (quoting *Cage*, 42 F.4th at 743)). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id.* (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)).

First, the Court finds that ANCO Steel has not shown good cause under Rule 16(b)(4) for waiting over two years after the January 31, 2022 deadline to seek leave to amend its pleadings and almost two years after the Amended Counterclaim was filed on May 3, 2022, to file the instant motion on April 8, 2024. The breach of contract claim in Count I was alleged by InteRebar in the original Counterclaim on September 22, 2021. ANCO Steel filed an Answer to the original Counterclaim on October 13, 2021, but did not assert any affirmative defenses. On

4

December 2, 2021, the Court set a deadline of January 31, 2022, for ANCO Steel to seek leave to amend its pleadings. ANCO Steel did not seek leave to amend its answer to assert any affirmative defenses by the deadline.

ANCO Steel does not dispute that it had the necessary information prior to the January 31, 2022 deadline to allege the affirmative defenses of waiver and estoppel that it now seeks leave to plead. The evidence ANCO Steel cites as the factual basis of the affirmative defenses is two May 2021 emails from InteRebar's president Joseph Carrero to ANCO Steel's Bill Koehler with a copy sent to ANCO Steel's President Doug Anderson. *See* ECF No. 111 (citing ECF No. 76, ¶¶ 80, 81). The emails were therefore part of ANCO Steel's records and available to ANCO Steel at the time of its original answer in October 2021.

Notably, ANCO Steel produced copies of the emails with its initial disclosures to InteRebar on January 21, 2022. Thus, ANCO Steel had identified the emails as relevant by the time InteRebar filed the Amended Counterclaim on May 3, 2022, which realleged Count I for breach of contract. Nevertheless, ANCO Steel did not avail itself of the opportunity to assert the affirmative defenses in an answer to the Amended Counterclaim. In addition, ANCO Steel based its December 4, 2022 motion for summary judgment in part on these same defenses of waiver and estoppel, despite not having alleged them in an answer, ECF No. 66, pp. 11–12, and InteRebar identified the pleading deficiency in its response brief, ECF No. 78, pp. 16–17. Yet ANCO Steel waited over six months after the Court's September 29, 2023 summary judgment ruling to file the instant motion to amend.

ANCO Steel offers no explanation for its failure to timely raise these affirmative defenses to the original Counterclaim or to the Amended Counterclaim. ANCO Steel also offers no explanation for waiting over six months after the Court granted summary judgment and until approximately four months before trial to assert the defenses. The Court finds that, because

5

ANCO was not diligent in seeking leave to amend to add these affirmative defenses, there is not good cause for modifying the scheduling order to allow for the amendment. On this basis, the Court denies the motion.

Second, the motion is denied under the Rule 15(a)(2) standard for undue delay and prejudice. There is undue delay for the same reasons discussed above. *See Su v. Johnson*, 68 F.4th 345, 356 (7th Cir. 2023) (finding no error in the district court's determination that the defendants had been dilatory in pursuing the affirmative defense when the "supposedly new documents had been in defendants' possession from the start" and the affirmative defense "could have been pled at any time after the filing of the initial complaint" (citation omitted)); *Venters v. City of Delphi*, 123 F.3d 956, 967–68 (7th Cir. 1997) ("Once the availability of an affirmative defense is reasonably apparent, . . . [t]he appropriate thing for the defendant to do, of course, is to promptly seek the court's leave to amend his answer. His failure to do [so] risks a finding that he has waived the defense." (cleaned up)).

As for prejudice, the Seventh Circuit Court of Appeals has held "that a district court may (though it need not) permit an untimely affirmative defense, provided the plaintiff does not suffer prejudice from the delay." *Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 731 (7th Cir. 2015) (citing cases). Here, InteRebar is prejudiced because it was not on notice that ANCO Steel intended to assert the affirmative defenses of waiver and estoppel to the breach of contract counterclaim until the filing of ANCO Steel's motion for summary judgment. Thus, InteRebar was not on notice to conduct discovery on the defenses; in fact, InteRebar relied on ANCO Steel's lack of affirmative defenses in formulating its written and oral discovery. Contrary to ANCO Steel's argument, the fact that InteRebar possessed the emails now relied on by ANCO Steel as the basis for the affirmative defenses did not put InteRebar on notice that

ANCO Steel would later seek to allege affirmative defenses based on those emails. Thus, any opportunity to conduct necessary, relevant discovery has been lost.

Moreover, ANCO Steel already won summary judgment on InteRebar's Count I breach of contract counterclaim. At this late trial stage of the litigation, the only purpose the Court can discern for ANCO Steel now asserting affirmative defenses to that same breach of contract claim is for some purpose on appeal, even though the Court declined to consider the waiver and estoppel arguments in its summary judgment ruling. ANCO Steel does not argue that these affirmative defenses are relevant to the remaining counterclaim against ANCO Steel for criminal conversion in Count II that is set for trial. Nor has ANCO Steel explained how InteRebar will have an opportunity to respond to the affirmative defenses given that the breach of contract counterclaim was resolved on summary judgment and is not an issue for trial. This late amendment would be prejudicial to InteRebar. *See Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) ("Surprises such as new arguments or defense theories propagated after the completion of discovery and filing of summary judgment are wisely discouraged." (cleaned up)).[1]

## CONCLUSION

Based on the foregoing, the Court hereby DENIES ANCO Steel Company, Inc.'s Motion for Leave to File an Amended Answer with Affirmative Defenses to InteRebar Fabricators, LLC's Amended Counterclaim and Third-Party Complaint [ECF No. 111].

SO ORDERED on May 20, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Because the request to amend is both untimely and prejudicial, the Court does not reach InteRebar's argument that the amendment would be futile.